No. 13,300.

RANDALL *v.* MANSFIELD.

(24 P. [2d] 1116)

Decided August 7, 1933.   Rehearing denied September 18, 1933.

Mr. JOHN B. BARNARD, for plaintiff in error.

Mr. RALPH L. NEARY, for defendant in error.

*In Department.*

MR. JUSTICE BOUCK delivered the opinion of the court.

THE defendant in error A. M. Mansfield as plaintiff brought a replevin suit against Carrie E. Randall, the plaintiff in error, and her husband, D. A. Randall, as defendants, before a justice of the peace, who rendered judgment for Mrs. Mansfield, whereupon an appeal was taken by the Randalls to the county court.   There again judgment was in favor of Mrs. Mansfield.   Mrs. Randall brings the case here for review.   Of course there are no written pleadings.

Randall and his wife, residing at Colorado Springs, were comakers of a $454 promissory note, dated July 28, 1930, and payable to the order of the General Loan and Finance Company of Pueblo three months after date, with specified interest. They secured their note by giving a chattel mortgage on certain household furniture and by pledging a $1,000 real estate bond. After its maturity the note was assigned to Mrs. Mansfield, defendant in error as aforesaid. She was the wife of Wilbur J. Mansfield, who had been a business associate of D. A. Randall when the Randalls were living in Kansas City, Mo., where the Mansfields reside.

On November 17, 1930, at Kansas City, Randall agreed in writing to deliver to Mrs. Mansfield "a chattel mortgage, assigned properly, on all of [his] furniture, which consists of a 14 room house, furniture being worth approximately $5000," and to "assign properly a $1000.00 real estate bond, that is good, on some property in Utah." He further stated: "It is agreed and understood that you are taking up for me a $454.00 note that is now against my furniture, which will be properly assigned, and this $1000.00 mortgage as collateral for $654.00 which you have loaned to me, $200.00 being in cash at different times, and the $454.00 now. As soon as I receive the draft for $454.00, I will send all papers back to you, at * * * Kansas City Missouri."

■■ All the negotiations and transactions between D. A. Randall and the Mansfields, and all of the various communications between them, were without the knowledge, consent or approval of Mrs. Randall. She did nothing to make the relation between her and Mrs. Mansfield different from that normally existing between a maker and an indorsee of a promissory note for which specific collateral security has been given. There is no doubt whatever that Mrs. Randall was the owner of the $1,000 bond, and none that she is the owner of most, if not all, of the furniture covered by the original chattel mortgage. By authority of Mrs. Randall the bond was

sold, yielding more than was necessary to pay off the $454 note for which it served as collateral security. Under her direction a sufficient sum was forwarded by a Colorado bank to a Kansas City bank which, by order of the Mansfields, had sent the bond to the former "for collection." Mrs. Randall's instructions were to pay the money at Kansas City only upon surrender of the note thus paid. Instead of surrendering the note for cancellation, the Mansfields insisted that the payment ought to have included the amount owing by Randall under his unauthorized manipulation of the securities, which involved an additional liability of $300. The joint note of the Randalls had been paid in full. The failure of the Kansas City bank to procure and return the note so satisfied cannot change the fact of payment. Notwithstanding this, Mrs. Mansfield brought the action to replevy the furniture covered by the original chattel mortgage. This she did for the purpose of making that security pay Randall's additional indebtedness, with which Mrs. Randall was in nowise connected.

The mere statement of the facts as above given—without the citation of any authority on legal propositions so elementary—requires a reversal of the judgment. The case will be remanded, and the county court directed to dismiss the action with prejudice and at the costs of the defendant in error, plaintiff below. To do otherwise would be to take Mrs. Randall's property without due process of law.

Judgment reversed and case remanded with directions.

MR. CHIEF JUSTICE ADAMS and MR. JUSTICE HILLIARD concur.